|   |   |
|---|---|
| 1 | KAROL K. DENNISTON (Bar No. 141667) |
|   | karol.denniston@dlapiper.com |
| 2 | JENNIFER L. NASSIRI (Bar No. 209796) |
|   | jennifer.nassiri@dlapiper.com |
| 3 | BRENDAN P. COLLINS (Bar No. 260260) |
|   | brendan.collins@dlapiper.com |
| 4 | **DLA PIPER LLP (US)** |
|   | 550 South Hope Street, Suite 2300 |
| 5 | Los Angeles, CA 90071-2678 |
|   | Tel: 213.330.7700 |
| 6 | Fax: 213.330.7701 |

[Proposed] Counsel for Official Committee
of Unsecured Creditors

## UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

In re

PENTA WATER COMPANY, INC.,

      Debtor.

Case No. 09-15145-LT11

Chapter 11

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF PENTA WATER COMPANY, INC. FOR AN ORDER APPROVING THE EMPLOYMENT OF DLA PIPER LLP (US) AS COMMITTEE COUNSEL; DECLARATION OF KAROL K. DENNISTON IN SUPPORT**

[No Hearing Required]

The Official Committee of Unsecured Creditors (the "Committee") of Penta Water Company, Inc., the debtor and debtor-in-possession in this bankruptcy case (the "Debtor"), respectfully submits this application (the Application") to employ DLA Piper LLP (US) ("DLA Piper"), as its counsel.

**I.  JURISDICTION**

1.  This Court has jurisdiction over this Application under 28 U.S.C. §§ 157 and 1334. Venue of this case and application in this district is proper under 28 U.S.C. §§ 1408 and 1409.

DLA PIPER LLP (US)
LOS ANGELES

IN RE PENTA WATER COMPANY, INC.
Case No. 09-15145-LT11

1

WEST\21817677.1

2. The statutory predicates for the relief sought in this Application are sections 328 and 1103 of the Bankruptcy Code.

3. This Application is filed in accordance with Federal Rule of Bankruptcy Procedure 2014 and United States Bankruptcy Court For The Southern District Of California Local Rule 2014-1.

## II. BACKGROUND

4. On October 5, 2009 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtor continues to operate its business and manage its property as a debtor-in-possession in accordance with sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this case.

5. On October 9, 2009, the United States Trustee appointed the Committee in the Debtor's bankruptcy case, in accordance with section 1102 of the Bankruptcy Code. The Committee is presently comprised of the following members: (a) West Coast Container, (b) Plainfield Direct Inc., (c) Exel Transportation, (d) Amanda Beard, and (e) NBC Universal Inc. To date, no other committees have been appointed in the Debtor's case.

6. On October 22, 2009, the Committee selected DLA Piper as its counsel, subject to approval by this Court.

## III. APPLICATION TO RETAIN AND EMPLOY DLA PIPER

7. By this Application – and in accordance with sections 328 and 1103 of the Bankruptcy Code – the Committee seeks to employ DLA Piper as counsel for the Committee to perform the legal services described in this Application, effective as of October 21, 2009.

8. Sections 328(a) and 1103(a) of the Bankruptcy Code authorize a committee appointed under section 1102 of the Bankruptcy Code to employ attorneys – with the Court's approval – if the terms and conditions of employment are reasonable. See 11 U.S.C. §§ 328(a), 1103(a). Under section 1103(b) of the Bankruptcy Code, an attorney employed to represent the committee "may not. while employed by such committee, represent any other entity having an adverse interest in connection with the case." 11 U.S.C. § 1103(b).

9. DLA Piper has advised the Committee that – in connection with the Debtor or its bankruptcy case – DLA Piper does not represent any other entity having an adverse interest. In addition, the Committee has reviewed the Declaration of Karol K. Denniston in Support of Application of the Official Committee of Unsecured Creditors of Penta Water Company, Inc. for Order Approving Employment of DLA Piper LLP (US) as Committee Counsel (the "Declaration"), accompanying this Application.

**A.     Scope of DLA Piper's Employment**

10. Subject to further order of this Court, the Committee requires DLA Piper to assist, advise and represent the Committee with the following:

- consulting with the Debtor – and other creditor constituencies or parties in interest – regarding the administration of this case;

- analyzing the Debtor's assets and liabilities;

- investigating the extent and validity of liens;

- reviewing – and participating – in any proposed asset sales or other asset dispositions;

- reviewing – and participating – in any financing arrangements and cash collateral stipulations or proceedings;

- analyzing the Debtor's rights and obligations under unexpired leases and executory contracts;

- reviewing issues related to management, compensation, retention, severance benefits, or other organizational matters;

- investigating the acts, conduct, and financial condition of the Debtor;

- investigating the operation of the Debtor's business, the desirability of continuing any portion of the business, and any other matters relevant to this case or to the formulation of a plan;

- negotiating, formulating, and drafting a plan of reorganization;

- appointing a trustee or examiner under section 1104 of the Bankruptcy Code;

- performing the Committee's duties and powers under the Bankruptcy Code and the Bankruptcy Rules;

- evaluating claims and any potential litigation matters; and
- performing other services in the interests of those represented by the Committee.

### B. Qualifications of DLA Piper

11. The Committee has selected DLA Piper because of DLA Piper's extensive expertise and knowledge in the areas of insolvency, business reorganizations and creditors' rights. DLA Piper – and its members – have served as counsel to unsecured creditors' committees in numerous chapter 11 cases. In addition, DLA Piper has served as general bankruptcy counsel to a wide range of debtors in various industries. DLA Piper also has extensive experience in representing individual creditors, special interest committees, asset purchasers, trustees and investors during both in-court and out-of-court restructurings. Copies of the resumes of the DLA Piper attorneys primarily handling the representation of the Committee are attached to the Declaration as **Exhibit** "**A**". Each of these attorneys is familiar – and will comply– with the Bankruptcy Code, Bankruptcy Rules, applicable local rules of this Court, and guidelines issued by the Office of the United States Trustee.

12. In light of DLA Piper's extensive experience providing counsel in insolvency, business reorganizations, and other debtor/creditor matters, the Committee believes that DLA Piper is highly qualified to perform the duties listed above. The Committee's retention of DLA Piper is in the best interest of the Debtor's unsecured creditors.

### C. DLA Piper's Compensation as Committee Counsel

13. Subject to the provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, applicable guidelines issued by the Office of the United States Trustee and this Court's local rules, the Committee proposes to (a) pay DLA Piper for the services of its attorneys and paraprofessionals, and (b) reimburse DLA Piper according to its customary reimbursement policies. DLA Piper has agreed to perform its services for the Committee at a 12% discount to its standard billing rates. DLA Piper's standard rates and its 12% discounted rates for the professionals who will primarily handle the representation are more particularly detailed in **Exhibit "B"** to the Declaration. The firm will exercise continuous billing judgment throughout

the engagement and will staff the case among other attorneys at the firm in the most cost-efficient manner possible.  DLA Piper has neither requested nor received a retainer in this case, but reserves the right to do so upon further application to the Court.  A copy of the firm's engagement letter with the Committee is attached to the Declaration as **Exhibit** "**C**."

14. DLA Piper categorizes its billing into subject matter categories in compliance with applicable guidelines.

15. There are no sharing arrangements between DLA Piper and any other entity for fees paid – or to be paid – in connection with the Debtor's bankruptcy case, except as among partners, of counsel and associates of DLA Piper.

16. DLA Piper understands that its compensation in this case is subject to the approval of this Court – after notice and a hearing – in accordance with sections 328, 330, and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, this Court's professional fee guidelines, and the guidelines issued by the Office of the United States Trustee.

**D.    No Adverse Interest / No Conflict of Interest**

17. DLA Piper is not a creditor, an equity security holder, or an insider of the Debtor. DLA Piper has no connections to any insider of the Debtor.

18. Neither DLA Piper, nor any partner, associate, or of counsel of DLA Piper,

- is – or was, within two (2) years before the Petition Date – a director, officer or employee of the Debtor;

- has an interest materially adverse to the interest of the Debtor's estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason; or

- represents any interest adverse to that of the Debtor or its creditors in the matters on which DLA Piper will act as Committee counsel.

19. To the best of the Committee's knowledge – and based on the Denniston Declaration – DLA Piper will only represent the Committee, and not any of its individual members or any other creditors of the Debtor.

## IV.   CONCLUSION / RELIEF REQUESTED

20.   DLA Piper has been selected by the Committee to perform the duties outlined in this Application because the Committee believes that DLA Piper is exceedingly qualified to do so. Each DLA Piper attorney participating as Committee counsel is familiar – and will comply – with the Bankruptcy Code, Bankruptcy Rules, applicable local rules of this Court, and guidelines issued by the Office of the United States Trustee. DLA Piper is providing its exceptional services at discounted hourly rates, which will be billed in accordance with all applicable guidelines (and subject to this Court's approval). DLA Piper has no adverse or conflicted interests that prohibit its service as Committee counsel. For these reasons, the Committee respectfully requests that this Court enter an order:

(a)   Granting this Application;

(b)   Authorizing the Committee to employ DLA Piper as counsel, effective as of October 22, 2009, at the expense of the Debtor's estate, on the terms stated in this Application; and

(c)   Providing other and further relief as this Court deems proper.

Respectfully Submitted,

Dated: October 29, 2009

The Official Committee of Unsecured Creditors of Penta Water Company, Inc.

By: _____
Ahmad Al-Sati, Chairperson

PRESENTED BY:

DLA PIPER LLP (US)

By:   /s/ Jennifer L. Nassiri
   **DLA PIPER LLP (US)**
   KAROL K. DENNISTON   (Bar No. 141667)
   karol.denniston@dlapiper.com
   JENNIFER L. NASSIRI   (Bar No. 209796)
   jennifer.nassiri@dlapiper.com
   BRENDAN COLLINS (Bar No. 260260)
   brendan.collins@dlapiper.com
   550 South Hope Street, Suite 2300
   Los Angeles, CA  90071-2678
   Tel:      213.330.7700
   Fax:     213.330.7701

DECLARATION OF KAROL K. DENNISTON

I, KAROL K. DENNISTON, declare and state as follows:

1.  I am a partner of DLA Piper LLP (US) ("DLA Piper") and will be the lead attorney in this matter. I am an attorney-at-law, duly admitted and in good standing to practice in the State of California, as well as the United States District Court for the Southern District of California. I submit this Declaration ("Declaration") in connection with the application (the "Application") of the Official Committee of Unsecured Creditors (the "Committee") of Penta Water Company, Inc., to retain DLA Piper as counsel to the Committee and to provide the disclosures required under section 1103 of title 11 of the United States Code (the "Bankruptcy Code"), the rules of this Court, and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

2.  All capitalized terms not otherwise defined herein have the meaning ascribed to such terms in the Application.

**A.  Scope of DLA Piper's Employment**

3.  DLA Piper's services are necessary to enable the Committee to faithfully execute its duties under the Bankruptcy Code. The Committee requires DLA Piper to assist, advise and represent the Committee with the following:

- consulting with the Debtor – and other creditor constituencies or parties in interest – regarding the administration of this case;
- analyzing the Debtor's assets and liabilities;
- investigating the extent and validity of liens;
- reviewing – and participating – in any proposed asset sales or other asset dispositions;
- reviewing – and participating – in any financing arrangements and cash collateral stipulations or proceedings;
- analyzing the Debtor's rights and obligations under unexpired leases and executory contracts;
- reviewing issues related to management, compensation, retention, severance benefits, or other organizational matters;
- investigating the acts, conduct, and financial condition of the Debtor;

7

- investigating the operation of the Debtor's business, the desirability of continuing any portion of the business, and any other matters relevant to this case or to the formulation of a plan;

- negotiating, formulating, and drafting a plan of reorganization;

- appointing a trustee or examiner under section 1104 of the Bankruptcy Code;

- performing the Committee's duties and powers under the Bankruptcy Code and the Bankruptcy Rules;

- evaluating claims and any potential litigation matters; and

- performing other services in the interests of those represented by the Committee.

### B. Qualifications of DLA Piper

4. DLA Piper is experienced in the areas of insolvency, business reorganizations, litigation, and debtor/creditor matters. DLA Piper and its members have served as counsel to unsecured creditors' committees in numerous chapter 11 cases. In addition, DLA Piper has served as general bankruptcy counsel to a wide range of debtors in various industries. DLA Piper also has extensive experience in representing individual creditors, special interest committees, asset purchasers, trustees and investors during both in-court and out-of-court restructurings. Copies of the resumes of the DLA Piper attorneys primarily handling the representation of the Committee are attached to this Declaration as **Exhibit "A"**. Each of these attorneys is familiar – and will comply– with the Bankruptcy Code, Bankruptcy Rules, applicable local rules of this Court, and guidelines issued by the Office of the United States Trustee.

5. In light of DLA Piper's extensive experience providing counsel in insolvency, business reorganizations, and other debtor/creditor matters, the Committee believes that DLA Piper is highly qualified to perform the duties listed above. The Committee's retention of DLA Piper's services is in the best interest of the Debtor's unsecured creditors.

### C. DLA Piper's Compensation as Committee Counsel

6. Subject to the provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, applicable guidelines issued by the Office of the United States Trustee and this Court's local rules, the Committee proposes to (a) pay DLA Piper for the services of its attorneys and paraprofessionals, and (b) reimburse DLA Piper according to its customary reimbursement

8

policies. Please note that DLA Piper has agreed to perform its services for the Committee at a 12% discount to its standard billing rates. The exact amounts of DLA Piper's standard rates and its 12% discounted rates are more particularly detailed in **Exhibit "B"** to this Declaration. The firm will exercise continuous billing judgment throughout the engagement and will staff the case among other attorneys at the firm in the most cost-efficient manner possible. DLA Piper has neither requested nor received a retainer in this case, but reserves the right to do so upon further application to the Court. A copy of the firm's engagement letter with the Committee is attached to this Declaration as **Exhibit** "**C**."

7. DLA Piper categorizes its billing into subject matter categories in compliance with applicable guidelines.

8. There are no sharing arrangements between DLA Piper and any other entity for fees paid – or to be paid – in connection with the Debtor's bankruptcy case, except as among partners, of counsel and associates of DLA Piper.

9. DLA Piper understands that its compensation in this case is subject to the approval of this Court – after notice and a hearing – in accordance with sections 328, 330, and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, this Court's professional fee guidelines, and the guidelines issued by the Office of the United States Trustee.

**D.    No Adverse Interest / No Conflict of Interest**

10. DLA Piper requires all of its professionals – before accepting the representation of a new client, or the representation of an existing client in a new matter – to perform a conflicts check through DLA Piper's database. DLA Piper's professionals enter into that database conflict information regarding new clients and new matters. A review of this computerized database should reveal any actual or potential conflicts of interest with respect to DLA Piper's representations.

11. For DLA Piper's proposed representation of the Committee, DLA Piper has made an extensive investigation of potential adverse interests prior to submitting this Declaration. DLA Piper has undertaken a full and thorough review of its computer database which contains the

9

names of clients and other parties interested in particular matters.

12. DLA Piper has run the following parties through its conflicts database: (1) the Debtor; (2) the Debtor's insiders; (3) the Debtor's 30 largest unsecured creditors according to the Debtor's list of such creditors under Bankruptcy Rule 1007(d) (including the members of the Committee); and (4) the Debtor's principal secured creditors.

13. To the extent that I have been able to ascertain, DLA Piper has no connection with the Debtor, its creditors (except in unrelated matters, as set forth below), any other party with an interest in this case, their respective attorneys or professionals, the United States Trustee, or any person employed in the Office of the United States Trustee.

14. DLA Piper is not a creditor, an equity security holder, or an insider of the Debtor. DLA Piper has no connections to any insider of the Debtor.

15. Neither DLA Piper, nor any partner, associate, or of counsel of DLA Piper,

- is – or was, within two (2) years before the Petition Date – a director, officer or employee of the Debtor;
- has an interest materially adverse to the interest of the Debtor's estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason; or
- represents any interest adverse to that of the Debtor or its creditors in the matters on which DLA Piper will act as Committee counsel.

16. Subject to the limitations of this paragraph, DLA Piper does not represent any entity having an adverse interest in connection with the Debtor's case. As set forth in **Exhibit "D"** to this Declaration, however, DLA Piper does represent – or has represented – some of the Debtors unsecured creditors[1] in matters unrelated to this case.

**E. Conclusion**

17. Based on the information detailed in the above paragraphs of this Declaration, DLA Piper is qualified to represent the Committee in accordance with sections 328 and 1103 of the

---

[1] See the Debtor's List of Creditors Holding 30 Largest Unsecured Claims ("Top 30 List") accompanying the Debtor's Voluntary Petition, which was filed with the Court on October 5, 2009. The Top 30 List was later updated. See Modification to List of Creditors Holding 30 Largest Unsecured Claims, filed October 20, 2009 [Docket No. 31].

10

Bankruptcy Code.

18. To the best of my knowledge, after conducting or supervising the investigation described above, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 29 day of October, 2009, at Los Angeles, California.

*Karol K. Denniston*
KAROL K. DENNISTON

DLA PIPER US LLP
LOS ANGELES

WEST\21817745.1
000001-000040